2020 IL App (1st) 181985-U

No. 1-18-1985

Order filed October 26, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 4094 |
| | ) | |
| MEKA GLOVER, | ) | Honorable |
| | ) | Timothy J. Chambers, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Walker and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1  *Held*: Defendant's conviction for retail theft is affirmed over her claim that the evidence was insufficient to prove she was not the lawful owner of the property at issue.

¶ 2  Following a bench trial, the court found defendant Meka Glover guilty of retail theft and sentenced her to one year's probation. She appeals, arguing that the evidence at trial was insufficient to prove she did not lawfully own the property at issue. We affirm.

¶ 3    Defendant was charged by indictment with one count of retail theft (720 ILCS 5/16-25(a)(6) (West 2016)), which alleged that she represented to Nordstrom Rack that she owned footwear and clothing, and knowing the representation was false, conveyed those items to Nordstrom Rack in exchange for other property worth over $300.

¶ 4    At trial, Sarah Fiorelli testified that she worked as a regional internal investigator for Nordstrom, which required her to investigate "employee theft." On September 24, 2016, she was assigned to investigate multiple returns made without proof of purchase (no-proof return) by defendant at a Nordstrom Rack store in Chicago (the store). Fiorelli identified defendant in court. In September 2016, defendant worked as a loss prevention agent at the store, which required her to investigate shoplifting, theft, and credit card fraud. Fiorelli believed defendant knew about the store's purchase, return, and exchange policies due to her employment.

¶ 5    Fiorelli described a typical purchase at a Nordstrom Rack location. When a purchase is made, the item "is scanned by the UPC bar code" at the cash register. A paper or email receipt is generated and recorded in Nordstrom's database, the Enterprise Electronic Journal (EEJ). Receipts identify "the sale date, the cashier ***, register number, transaction number, time, a list of each item by UPC and price" and the total. The store permits customers to return an item without a receipt, though the practice is discouraged. A manager must approve no-proof returns.

¶ 6    Fiorelli wrote a report following her investigation of defendant's purchases, which the court permitted Fiorelli to reference during her testimony. She reviewed surveillance video of the relevant transactions during her investigation.

¶ 7    Fiorelli investigated a no-proof return from September 20, 2016. The cashier was Kiera Rice. Defendant first exchanged a size 8 Burberry coat for the same item but in a size 10. Each

coat cost $2204.97 after tax. The size 8 coat had a UPC number of 6275. It was placed in a "return bin" after the no-proof return. The size 10 coat had a UPC number of 6282. It had a sensor tag on it, which the cashier removes after an item is sold. The size 10 coat was placed on a hold bar behind the cash register. Within 10 minutes, defendant came back to the register and returned the size 10 coat in exchange for a gift card for the full amount.

¶ 8    Fiorelli investigated another no-proof return from September 25, 2016. This no-proof return also involved a size 8 Burberry coat with a UPC code ending in 6275. Defendant again went to Rice's cash register and exchanged a size 8 Burberry coat for a size 10. Around six minutes later, defendant returned to the register and returned the size 10 Burberry coat in exchange for gift cards and merchandise totaling $2204.97.

¶ 9    Fiorelli believed the size 8 Burberry coat defendant returned on September 25, 2016, was the same coat defendant returned on September 20, 2016. She based this belief on the video footage and on the fact that both no-proof returns were for size 8 Burberry coats with a UPC code ending in 6275. Moreover, the EEJ suggested the store did not sell an item with the UPC code ending in 6275 between September 20 and 25, 2016. Defense counsel objected to Fiorelli's "basis of knowledge" for this testimony, but the court overruled the objection.

¶ 10    On questioning from the trial court, Fiorelli testified that she did not know how defendant acquired the size 8 Burberry coat she first exchanged.

¶ 11    After direct examination resumed, Fiorelli testified that defendant "certainly did not" purchase the size 8 Burberry coat she initially returned prior to September 20, 2016. No coat with the 6275 UPC code had been sold at the store prior to September 20, 2016, though there was a sale

in California. Defense counsel renewed his objection, arguing that UPC codes only identify item "type," not unique individual items. The court permitted the testimony.

¶ 12    The State published the video of the Burberry coat transactions from September 20, 2016, People's Group Exhibit No. 8A and B. The videos, which are included in the record on appeal, show that defendant first approached Rice's cash register with one Burberry coat that still had a sensor attached. Rice gave defendant a receipt and placed the coat behind the register. Defendant left, then returned approximately three minutes later with another Burberry coat in a bag.[1]

¶ 13    Fiorelli also investigated a no-proof return on September 22, 2016. Rice was also the cashier for this transaction. Defendant first returned three items, totaling $1091.38, in exchange for a gift card and a Saint Laurent vest worth $689.97 with a UPC number of 6295.  Minutes later, defendant returned the vest in exchange for a gift card. After this transaction, defendant placed the vest in the loss prevention office. The vest was now "not paid for merchandise."

¶ 14    The State published the video of the September 22, 2016 transactions, People's Group Exhibit No. 9A and B. The videos, which are included in the record on appeal, show that defendant initially returned the three items and received the vest, then returned the vest minutes later. After this return, Rice initially placed the vest in a box, but then retrieved the vest and gave it back to defendant.

¶ 15    Fiorelli investigated another no-proof return from September 23, 2016, where defendant returned a Saint Laurent vest with a UPC code of 6295 at Rice's register, along with two other items, in a no-proof return. She received $1147.81 in merchandise and a gift card in exchange. No

---

[1] In narrating the video, Fiorelli stated that defendant initially approached Rice with the size 10 coat and returned with the size 8 coat.

Saint Laurent vests with the UPC 6295 were sold in Chicago prior to or on September 22, 2016. Fiorelli testified that based on the UPC code and the sales history, she believed the vest was the same item defendant returned on September 22, 2016.

¶ 16    On September 24, 2016, loss prevention manager Carlos Aguayo searched for the Saint Laurent vest in the store but could not find it.

¶ 17    On cross-examination, Fiorelli explained that UPC numbers are not unique to each individual item, and items that are identical in type, color, and size will have identical UPC codes. Item type transactions can be traced via UPC codes, but this process will not identify individual items. Fiorelli stated that she could not say how defendant acquired the size 8 Burberry coat she returned on September 20, 2016, or that the coat did not belong to defendant. Similarly, Fiorelli could not say whether the size 8 Burberry coat defendant returned on September 25, 2016, was the same coat involved in the September 20, 2016 exchange, though the items had the same UPC code. No item with a UPC code of 6275 was resold between September 20 and September 25, 2016.

¶ 18    Regarding the September 22, 2016 no-proof return, Fiorelli could not say defendant did not own the three items she initially returned. The vest stayed to the side of the register until defendant came back and returned it for a gift card.

¶ 19    During closing argument, the prosecutor contended that it did not matter that the State could not establish how defendant acquired the size 8 Burberry coat she returned on September 20, 2016, because the evidence showed defendant returned a size 8 Burberry coat with the same UPC number on September 25, 2016, and the store did not sell a size 8 Burberry coat between those dates. The prosecutor further argued that defendant used this same "scheme" respecting the

vest. Defense counsel argued that the State failed to show defendant was not the lawful owner of the property she returned.

¶ 20    The court found defendant guilty, stating, "There is no doubt in my mind" that the State established "a retail theft of the Burberry jacket and the vest."

¶ 21    The court denied defendant's motion for judgment notwithstanding the verdict or for a new trial. After a hearing, the court sentenced defendant to one year's probation. Defendant did not file a motion to reconsider sentence.

¶ 22    On appeal, defendant argues that the State's evidence did not establish that she did not lawfully own the items that she returned in the no-proof returns, that the store was actually missing these items, or that she had taken anything from the store, and thus was insufficient to sustain the court's guilty finding.

¶ 23    When evaluating the sufficiency of the evidence, the reviewing court construes the evidence in the light most favorable to the State and determines whether any rational factfinder could have found the defendant guilty beyond a reasonable doubt. *People v. Gray*, 2017 IL 120958, ¶ 35. The reviewing court must defer to the factfinder on the resolution of conflicting testimony, the weight of the evidence, and the reasonable inferences to be drawn from the evidence, and will not substitute its judgment for that of the factfinder regarding the weight of the evidence or witness credibility. *Id.* The factfinder is not required to disregard inferences that flow from the evidence, or raise any proffered theory of innocence to the level of reasonable doubt. *People v. Jackson*, 232 Ill. 2d 246, 281 (2009). The reviewing court should not reverse the factfinder's determination " 'unless the evidence is so unreasonable, improbable, or so unsatisfactory as to justify a reasonable

doubt of the defendant's guilt.' " *People v. Hardman*, 2017 IL 121453, ¶ 37 (quoting *People v. Campbell*, 146 Ill. 2d 363, 375 (1992)).

¶ 24    Circumstantial evidence is "proof of acts or circumstances which gives rise to a reasonable inference of other facts which tend to establish the guilt or innocence of a defendant." (Internal quotation marks omitted.) *Campbell*, 146 Ill. 2d at 379. Circumstantial evidence alone may be enough to sustain a guilty finding. *Jackson*, 232 Ill. 2d at 281.

¶ 25    To prove defendant guilty of retail theft as charged, the State had to show that she represented to the store that she was the owner of the property she returned, while knowing that the store was lawful owner, and then returned that property to the store in exchange for "money, merchandise credit or other property." 720 ILCS 5/16-25(a)(6) (West 2016). Defendant challenges whether the State's evidence established she did not lawfully own the property she returned.

¶ 26    The evidence at trial showed that on September 20, 2016, defendant made a no-proof return for a size 8 Burberry coat with a UPC code of 6275, and received a size 10 Burberry coat in exchange. No evidence demonstrated how defendant acquired the size 8 Burberry coat, and the store did not sell that type of item before that date. Defendant then exchanged the size 10 Burberry coat for a gift card. On September 25, 2016, defendant made a no-proof return for a size 8 Burberry coat with a 6275 UPC code, and received a size 10 Burberry coat in exchange. Again, no evidence demonstrated how defendant acquired the size 8 Burberry coat she returned on September 25, 2016, but Fiorelli testified that the Store did not sell a size 8 Burberry coat with the UPC code 6275 between September 20 and September 25, 2016. Defendant then returned the size 10 Burberry coat in exchange for gift cards and merchandise.

¶ 27    Additionally, on September 22, 2016, defendant made a no-proof return for three items in exchange for a Saint Laurent vest with a 6295 UPC code and a gift card. No evidence demonstrated how defendant acquired the three items. Defendant then returned the vest and received a gift card in exchange. Surveillance video showed defendant place the vest in the loss prevention office. Then, on September 23, 2016, defendant returned a Saint Laurent vest with a 6295 UPC code, along with two other items. No evidence demonstrated how defendant acquired the vest she returned on September 23, 2016, but Fiorelli testified that the store did not sell a Saint Laurent vest with the UPC code 6295 prior to or on September 22, 2016. Defendant received a gift card and merchandise in exchange for the vest and other items on September 23, 2016. The State did not introduce any evidence at trial regarding what happened to the vest at this point, but loss prevention manager Carlos Aguayo searched the store on September 24, 2016, and could not locate the vest.

¶ 28    Based on this record, we find that a reasonable factfinder could have found defendant guilty of retail theft. To satisfy the statute, the State had to show that defendant knowingly returned property that she did not lawfully own. The factfinder is tasked with drawing reasonable inferences from the evidence, and the evidence that there were no sales of items with the UPC codes corresponding to the coat and vest in the time between plaintiff's returns allowed for the reasonable inference that the size 8 Burberry coat defendant returned on September 25, 2016, was the same coat she returned on September 20, 2016, and likewise that the Saint Laurent vest she returned on September 23, 2016, was the same vest she returned on September 22, 2016. *Jackson*, 232 Ill. 2d 246, 281. Based on these inferences, a rational factfinder could then conclude that defendant returned the coat on September 25, 2016, and the vest on September 23, 2016, while knowing she was not the lawful owner of those items.

¶ 29    Defendant argues that because the UPC codes are not unique for each individual item, the State failed to show that the size 8 Burberry coat and Saint Laurent vest involved in the second returns were the same as the first. As explained above, however, the circumstantial evidence allowed for the inference that they were the same items, and because we may not substitute our judgment for that of the factfinder on what inferences to draw from the evidence, we cannot disturb the court's findings on this ground. See *Gray*, 2017 IL 120958, ¶ 35.

¶ 30    Defendant further contends that the evidence did not establish that the store owned the items at issue. In support, she directs us to two cases. First, in *People v. Liner*, 221 Ill. App. 3d 578 (1991), the defendant's conviction for retail theft was reversed because no evidence established that the defendant took possession of merchandise that was "displayed, held, stored, or offered for sale in a retail mercantile establishment," as the statute required. *Liner*, 221 Ill. App. 3d at 580. Second, defendant asks us to contrast the evidence here with the evidence in *People v. Drake*, 131 Ill. App. 3d 466 (1985), where the court found the defendant guilty based on circumstantial evidence that an inventory from the relevant store indicated that items found in the defendant's possession were likely missing from the store. *Drake*, 131 Ill. App. 3d at 473. Defendant's comparison to these cases is unavailing, however, because the record here contains evidence permitting the inference that the items were the store's property at the time of return. Specifically, in both the September 23 and 25, 2016 transactions, defendant returned items to the store days after she returned items with the same UPC codes, but without any sales of such items in the interim.

¶ 31    In sum, the State's evidence was sufficient to sustain the court's guilty finding because a reasonable factfinder could infer that defendant knowingly returned property she did not lawfully own in exchange for merchandise and gift cards. Accordingly, defendant's conviction is affirmed.

¶ 32    Affirmed.